Good morning, your honors. Michael Powell on behalf of Mr. Williams. We're here today, I guess, at a little change of pace. This is a pure legal issue. It seems like the ones before have been mostly fact-driven. Well, we're here to determine what Congress meant when it used the language, specifically in 2251, especially at least what we think is the controlling language here in context and in tense. In other words, when someone is charged or someone is making an advertisement to produce child pornography, do they actually have to – did the Congress require them to have some direct link to that child production by saying if the production involves the use of minors in explicit activity instead of involved? In other words, the statute itself is written in the present tense. And this is something that was discussed just recently by the United States Supreme Court in Carr on a companion statute, 2250. It's all in the same chapter. And there the court said, well, look, when you're talking – when you use the present tense, involves instead of involved, then you're talking about current activity or future activity. And so basically, if that's – if the advertisement must involve that, then the person that's doing the advertising has to be doing something other than sharing existing child pornography in a share file someplace, which was the actual facts of this particular case. Now, I think that it's fairly clear when you're looking at 2251, the whole idea of that statute is to predict the production of child pornography. Every other section, if the parents take their children, if you're soliciting to have minors come perform acts, every section in that statute involves direct production of child pornography by a person or a direct agent of a production company, I would guess, I would say. Well, where does it say that they're going to produce the child pornography? Well, your – I read 2251d1. It talks about knowingly makes, prints, or publishes, then or causes to be made, printed, or published. Then it doesn't say any child pornography. It says any notice or advertisement. There's nothing in there about previously having made the article you want to notice or advertise. Nothing in that language. Well, Your Honor, but you're just cutting out the part of the statute. Well, I'm having the statute that we have in front of us. Where do I add in? And you had to make the article you want to give notice or advertise about. What language tells me to put that in there? It says – What do I read it? It says any person who in a certain sense described paragraph 2, knowingly makes, prints, publishes, or causes to be made, printed, or published, any notice or advertisement seeking or offering to receive, exchanged by – Right. So where does it say that? Well, but that's – Your Honor, this is all one – these are all the elements of one offense. Well, I understand that, but I guess I'm trying to figure out where you got the language in this statute which you want me to either interpret or add in. In what part do I – D1, large A, to receive, exchange, buy, produce, display, distribute, or reproduce individual conviction, comma, if the production of such visual prediction involves the use of a minor engaging in sexually explicit conduct and such visual depiction is of such conduct. Well, where does it say that you have to produce that? Well, you're offering to produce that. That's the whole tenor of the statute, Your Honor. But it just says, if the production of – it doesn't say who had to produce or suggest – Well, but you – it's requiring a direct link to active production of child porn, not just saying I have child porn already existing and this is what happened. I have a share file. If you want some, go get it. Right, but you've got to receive, exchange, buy, display, distribute. That's not production. Well, Your Honor – well, sure, but you're advertising something to display a production. It's still – because of the tenor of the statute, its exploiting of children is directly aimed at preventing production of child pornography, not just sharing existing child pornography, which is covered in 2252A, or distribution. I'm just – you know, I'm handing it out like this kid did and Mr. Williams did. We don't ever – we never did disagree with that. And the difference is, is that this whole statute, the whole context of this statute, is to prevent people from producing child pornography. But you – do you think you can get that from a reading of this, or are you saying that the context, looking at other sections, tells us what the answer is? Both, Your Honor. Both. You can get it straight from this reading of this? Well, no, Your Honor. I say the conditional language, if the production. Okay? And that modifies all the – all of that that came before it, because it's a conditional phrase that follows those other things, which receive exchange by if – if you're exchanging something that the production involves children. And that's – that's a current, present tense. Now, and I'll point out, the judge himself and the government in this case, when they pled it, they changed the tense. They left the if out. They pled the statute, but changed the tense of the word involves to involved, and then they left the if out. I mean, it's – it's conditional. But to answer your question, Judge Oliver, the idea is, one, you look at the whole context of the statute. We don't read any of this in isolation. The Supreme Court said that to us a number of times. And you read every word to try to figure out what they do. And then, again, you can also look at the penalty in this case. This is a mandatory 15 years. And everything else in this statute, section A, section B, section C, all involves the use of children in producing child pornography, parents that let their children go down there and do it or take them down there and do it, people that solicit children to come and do and make these visual depictions. This is the whole tenor and context of the section. And if you look at the conditional language in the present tense, then you're saying they're asking, I'm going to produce this for you, or I'm going to produce something that involves an actual child, other than I have some old stuff I got off the Internet. Here's my file. If you want some, come get it. I mean, on that theory, everybody that has a share file is now subject to the statute. And I don't believe you can look at this statute and then look at 2252A that says we're going to punish distribution or receiving and say that this is the same, that Congress meant this statute with a 15-year mandatory minimum to be the same as just distribution, receiving, or possessing. Kennedy. If I read section 2256.8, it seems to me that that section suggests that 2251 involves past, present, and future. Because if you read that definition, it is a sexual, explicit visual depiction that involves the use of a minor. It construing involves as only the present or future would diminish the authority to enforce many of the chapter's statutes. What do I do with that? Well, Your Honor, I think, in other words, when they're talking about this, that's a pitfall, but we're looking at the specific thing here. What they're saying involves. They said you have to be actively doing it now or you're going to do it in the future. And, again, if you look at the context, that's a definitional section at the end. It's not part of this particular language. And we refer to it when you're talking about what production is. And I think they wanted a wider idea to get maybe something else so they could cover 2252A and then that one gets you a five-year minimum. But in this particular statute, they specifically chose present tense verb. It's different from every other. I think we have your argument at hand. Why don't you save some time for rebuttal. Thank you. Ms. Higginbotham. May it please the Court. My name is Carla Higginbotham and I represent the United States. I'd like to start first by pointing out an answer to the question that was made by the defendant must personally produce the child pornography at issue in order to be convicted of this crime. Well, you don't find it there because it's not there. And the same thing that we saw in the opening brief and in the reply brief is a direct aversion essentially to the most simple canon of statutory construction, which is we start with the plain language of the statute when making these determinations. And if the plain language is unambiguous, we stop. This Court has indicated on numerous occasions that when the construction of the statute involves an unambiguous provision, there is nothing left to construe. Can you distinguish the Carr case here that he referred to? Absolutely. In this particular instance, the defendant is making the argument that because in the Carr case, which dealt with Section 18 U.S.C. 2250, dealing with failures to register sex offenders, by using the word travels in the present tense, that that somehow implies in this statute the word involves also requires either present or future production of child pornography. But as was aptly pointed out by the Court, the definition of child pornography under 18 U.S.C. 2256-8a specifically indicates that child pornography are visual depictions that involves the use of a minor involved in sexually explicit conduct. If child pornography by definition only applies to the present or future production of child pornography, then all of the different provisions that we have in Chapter 110 are null. They only apply where you have a defendant that has produced or will produce child pornography. And I think the best way to keep this in mind is to compare the argument with the conditional language she claims is so different in 2251d1a to what we find in U.S.C. 2252, the very next statute. In that statute, Congress has made it illegal to possess, distribute, receive, and transport child pornography. But if you look at each one of those separate subsections, the Congress used this exact conditional language, that if you possess child pornography, if the image involves the use of a minor engaged in sexually explicit activity. Now, if we accept the defendant's argument, that means it would no longer be illegal to possess child pornography unless you produced it. That can – that doesn't make any sense. We can't construe the language in 2251d1a, this conditional language, one way for that statute to imply something that Congress never intended to then eviscerate all of the other provisions that we find in 2252, because that would make no sense. We know what Congress intended when it passed these statutes. We know what the purpose is behind child pornography statutes, to protect our children from the exploitation that they engage in by this type of activity. And the simple idea that this language in and of itself creates this present tense simply doesn't jive when we look at the other statutes. But more importantly, if you look at the word travels in 2250, it's the operative verb. It's what the defendant must do in order to be convicted of the crime. He must travel in interstate commerce. In Carr, they were trying to determine what was the temporal proximity of that. Was that travel that had to occur before the statute was enacted, or was it travel that necessarily had to occur either at the time or after the statute was enacted? The temporal proximity that the Supreme Court determined was, in fact, prospective. And that makes sense. We don't normally construe criminal statutes to apply retroactively. In this case, the word involves is not modifying the defendant's conduct. It's modifying the word visual depiction. If the visual depiction involves a minor, then that effectively equates to child pornography when we look at section 2256a, the definition of child pornography. That is what is at issue here. There are only two basic requirements, that the defendant knowingly publishes a notice or advertisement seeking or offering to receive, distribute, display, reproduce, produce, or exchange child pornography. If we were to accept the defendant's argument, if this court were to accept the defendant's argument that the defendant must personally produce the child pornography, we also violate a second most primary canon of statutory construction, and that is we reach absurd results and render several of these words meaningless. Why would someone have to publish an advertisement to receive child pornography that they produced? That makes no sense. But even worse, why would someone publish an advertisement to buy their own child pornography? If the defendant's argument is accepted as accurate, those two words in particular would be absolutely meaningless. Now, production is but one means, one out of seven, that essentially permits a defendant to commit this crime. That is not the only mechanism, and there is nothing in the language of the statute that supports the defendant's argument. There is nothing in the case law that supports the defendant's argument, and there is nothing in congressional intent or the legislative history that supports the defendant's argument. And unless the court has any other questions, I will submit. Thank you, Your Honors. Just a few words about the Parade of Terribles. What she's doing is taking two words in isolation and saying, let's apply them to all this. We're trying to read this in context of this statute, is what it says and what Congress intended to say, is to prohibit people from advertising or noticing that I'm going to go produce child pornography and I'm going to involve children. And every other, if in the, and we're talking about 2251, we're not talking about 2252A. We're talking about this statute, and it is clearly, the case law has told us previously, it's a production statute. It prohibits the production of child porn, and part of that is advertisement for producing now or in the future child porn. Would you look at legislative history at all in making a determination here? Well, Your Honor, I think legislative history, you go down to that as a last resort. But I mean, the cases we cited said the legislative history of this was, this particular provision, 2251, was aimed directly at the production of child pornography. You think that that's the, we should give legislative history here? Well, Your Honor, I, you know, they haven't cited any other than I've seen here. And what we cited was the cases we cited and the briefs said that this is the legislative history of this particular thing. One of the arguments they made is that in excitement that, well, you don't even have to know that the children are under 18. But as the Supreme Court pointed out, if you're a producer, if you're actually doing the production, you're going to know how old they are. And they're sanctioned separately for that. So I think, you know, it's kind of interesting to me, in all the years I've been up here and watched the statutory construction. And I don't think it's just our court, it's a lot of courts. The rule always was, that I understood, when you're talking about a criminal case, it must be strictly construed. Strictly construed, because if you're going to define a crime and you're going to send somebody to prison for 15 years, then you ought to be certain this is exactly the conduct that Congress meant to send somebody away for 15 years. But now, it seems like to me that our strict construction is just starting to slide. And we're starting now, they act like these are all remedial statutes, to be given the largest scope that's possible. But I don't believe that's what we do in criminal law when we're going to take somebody's liberty away. We look at the statute, and obviously, this is not a model of clarity. I mean, the one section runs on for all these different provisions. It has every word in it there that you can think of. But the whole context of this statute, and the use of that language, and the conditional if, is that this is aimed for those people that actually produce it and involve children in producing these kinds of visual. Thank you, counsel. Case has heard will be submitted for decision.
judges: Oliver, Thomas, Smith